UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD ALLEN WOODWARD,

        Plaintiff,                Case No. 18-CV-10534
                                          HON. GEORGE CARAM STEEH
vs.

THE MICHIGAN PAROLE
BOARD, et al.,

        Defendants.
_____/

OPINION AND ORDER GRANTING
MDOC DEFENDANTS' MOTION TO DISMISS
[ECF DOC. 8] AND GRANTING DEFENDANTS KRIEGHOFF,
REED AND SMITH'S  MOTION TO DISMISS [ECF DOC. 11]

     Plaintiff, Howard Woodward, is a prisoner currently under the jurisdiction of the Michigan Department of Corrections ("MDOC") on parole status.  Plaintiff filed his complaint under 28 U.S.C. § 1983, alleging violations of his civil rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, as well as claims under state law.  Plaintiff's claims arise from an error in his Judgment of Sentence by the sentencing court which resulted in a miscalculation of the date on which he became parole eligible.  Plaintiff argues that he was denied due

- 1 -

process pursuant to the applicable parole statutes.

The case is presently before the court on motions filed by the served defendants: Michigan Parole Board, MDOC, Director Heidi Washington, Deputy Director Kenneth McKee, Jill Krieghoff, David Reed and Walton Smith. The court is familiar with the filings in the case and determines that it will not be further aided by oral argument.

On April 11, 2007, plaintiff entered *nolo contendre* pleas in the Wayne County Circuit Court regarding: Charge 1 – carjacking; Charge 2 – robbery armed; Charge 2 – weapons – felony firearm; and Charge 1 – robbery armed. The Presentence Investigation ("PSI") stated that the minimum sentence regarding all convictions was Nine (9) years on the carjacking to be served concurrently with the Seven (7) years for armed robbery and Two (2) years for felony firearm. On the record, the sentencing court stated that plaintiff's minimum sentence would be Nine (9) years minus 125 days credit for time served. However, the Judgment of Sentence stated that the sentence was Nine (9) to Twenty (20) years, concurrent with the robbery and consecutive with the felony firearm. All of the offenses related to the felony firearm charge were dismissed.

On February 22, 2017, defendant Jill Krieghoff, Records Audit Specialist of the Central Recorded Section, sent a letter to Judge Thomas

Cameron addressing concerns about the accuracy of plaintiff's sentence. She noted that the court's Judgment of Sentence indicated that all of plaintiff's sentences were to be served consecutive with his felony firearm conviction while state statute required that the felony firearm conviction be served consecutive with the underlying related felonies, all of which had been dismissed. The sentencing court agreed and on March 29, 2017 issued an amended Judgment of Sentence. On March 28, 2017[1], defendant prison counselor Walton Smith prepared a parole eligibility report. The report indicated plaintiff's minimum sentence was served on December 21, 2015 and he became parole eligible on that date. The report was reviewed and approved on April 20, 2017 by defendant David Reed, acting Resident Unit Manager. At the end of June 2017, plaintiff had an emergency parole hearing. On July 5, 2017, plaintiff was released and placed on 2 years parole.

Plaintiff alleges two constitutional violations by defendants. First, plaintiff maintains that his expectation of procedural due process was denied when he was not reviewed for parole after serving his minimum sentence which was supposed to be Nine (9) years. In fact, plaintiff was

---

[1] It is not clear why the parole eligibility report was issued one day before the amended Judgment of Sentence was issued.

not granted parole for a year and a half after serving his minimum sentence.  Second, plaintiff argues that an independent violation occurred when defendants assumed the duty of addressing the sentencing computation issue by sending a letter to the sentencing judge.  However, after learning of the sentencing mistake, defendants failed to properly implement the parole procedures as required by statute.  Plaintiff was not granted parole for three months after the amended Judgment of Sentence was issued and defendants had actual notice that he was parole eligible.

MCL 791.235 creates a statutorily mandated procedural process regarding parole:

> Sec. 35. (1) The release of a prisoner on parole shall be granted solely upon the initiative of the parole board. The parole board may grant a parole without interviewing the prisoner. However, beginning January 26, 1996, <u>the parole board may grant a parole without interviewing the prisoner only if</u>, after evaluating the prisoner according to the parole guidelines, <u>the parole board determines that the prisoner has a high probability of being paroled and the parole board therefore intends to parole the prisoner</u>. Except as provided in subsection (2), <u>a prisoner shall not be denied parole without an interview before 1 member of the parole board. The interview shall be conducted at least 1 month before the expiration of the prisoner's minimum sentence</u> less applicable good time and disciplinary credits for a prisoner eligible for good time and disciplinary credits, or at least 1 month before the expiration of the prisoner's minimum sentence for a prisoner subject to disciplinary time.

Mich. Comp. Laws Ann. § 791.235 (emphasis added).

In *Lee v. Withrow*, 76 F.Supp.2d 789, 793 (E.D. Mich. 1999), the court held that prisoners do not have a constitutional right to be paroled, so the parole board's decision to deny parole does not violate a federal constitutional right. The court indicated that the only procedural due process that is constitutionally required is to give a prisoner the opportunity to be heard and, if parole is denied, to inform the prisoner how he or she falls short of qualifying for parole. *Id.* (citing *Canales v. Gabry*, 844 F.Supp. 1167, 1171 (E.D. Mich. 1994)). Plaintiff acknowledges that the Michigan Parole Board has broad discretion to recommend or deny parole. MCL 791.235. Therefore, Plaintiff does not challenge the denial of parole. Rather, plaintiff relies on *Lee* to support his claim that he had a procedural due process right to be given an opportunity to be heard that was violated in this case.

I.    Government Officials Sued in Official Capacity

The Eleventh Amendment bars any suit against the state, its agencies and its officials sued in their official capacities for damages unless the state has waived its sovereign immunity or unequivocally consented to be sued. Defendants are employees of the state who acted in their official capacities. Therefore, defendants are entitled to sovereign immunity against allegations that they acted in their official capacity.

II. Government Officials Sued in Individual Capacity

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and must show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A clear showing must be made that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode*, 423 U.S. 362 (1976). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Allegations premised on respondeat superior liability are not permitted in §1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1984). The acts of one's subordinates are not enough, and supervisory liability cannot be based on the mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Rather, to impose liability on supervisory personnel, a plaintiff must show that the supervisor encouraged the specific incident of misconduct or directly participated in it. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted).

The court employs a two-step inquiry in deciding qualified immunity questions. *Baynes v. Cleland*, 799 F.3d 600, 610 (6th Cir. 2015). "'First,

viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation? These prongs need not be considered sequentially.'" *Id.* (internal quotations marks and citation omitted). Where there is no showing of a constitutional violation, the officer is cloaked with qualified immunity and the court need not address the second prong. *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 992 (6th Cir. 2017) (citing Pearson, 555 U.S. at 232).

Defendants argue that they are entitled to qualified immunity because their actions were not objectively unreasonable in light of clearly established law. "The burden of convincing a court that the law was clearly established rests squarely with the plaintiff." *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999).

Plaintiff entered a series of nolo contendere pleas and the sentencing judge issued a Judgment of Sentence as to those pleas. Neither the judge, the prosecutor, plaintiff, trial counsel, or appellate counsel recognized the inconsistency in the Judgment of Sentence.

### A. Director Washington and Deputy Director McKee

The allegations against Director Washington and Deputy Director

McKee are that they and their "subordinates were responsible by law for ensuring that the MDOC enforced and abided by the laws of the United States of America and the State of Michigan."  The court finds that plaintiff has not made any factual allegations showing the personal involvement of these two defendants in his complaint.

### B. Krieghoff, Walton and Reed

Defendant Krieghoff is alleged to have contacted the state court for clarification of a sentencing issue.  Defendant Walton prepared, and defendant Reed approved, a report which indicated plaintiff was within his earliest release date and thus eligible for parole.  Defendants argue there is no allegation of personal involvement in a violation of a right secured by the Constitution.

Once the Amended Judgment was issued, the parole statute provides that no hearing is required if there is a high probability that parole will be granted.  While the court understands plaintiff to be arguing that the delay between the Amended Judgment and parole being granted is a violation of his due process rights, the court is not aware of any authority to support plaintiff's argument.  Pursuant to the statute, parole cannot be *denied* without an interview at least 1 month before the expiration of the prisoner's

minimum sentence. However, in this case, parole was *granted* reasonably quickly once the defendants became aware that plaintiff was parole eligible.

The court agrees that there has been no allegation of a denial of a clearly established right by these defendants.

### C. Michigan Parole Board

Plaintiff alleges that the Michigan Parole Board violated his constitutional rights when they relied on false or inaccurate information and did not consider him for parole as required by statute. The false information relied on in this case was a Judgment of Sentence issued by the state court. Clearly, state officials, including the Michigan Parole Board, are entitled to rely on court orders, even though they might contain an error that is later corrected. There is no allegation of a violation of plaintiff's clearly established rights by the Michigan Parole Board that can survive a motion to dismiss.

## IV. Pendant State Law Claims

There being no underlying federal claim that survives defendants' motion to dismiss, the court no longer enjoys supplemental jurisdiction over plaintiff's state law claims. Those claims are dismissed without prejudice.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are GRANTED.

Dated: July 12, 2018

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 12, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---